# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| YOVANI CRUZ PONCE, #72838482, ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | 3:08-CV-0656-B | |
| ) | | |
| U.S. DEPARTMENT OF HOMELAND ) | | |
| SECURITY, et al., ) | | |
| Respondents. ) | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Presently before the court, is Respondents' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure.

This is a petition for habeas corpus relief filed by a detainee of Immigration Customs Enforcement (ICE) pursuant to 28 U.S.C. § 2241, et seq.

Petitioner, a Cuban national subject to a final order of removal, filed this petition seeking release from ICE's custody pending his removal. At the time of filing this action, Petitioner was incarcerated at the Rolling Plains Detention Center in Haskell, Texas. On July 22, 2008, ICE released him from custody on an order of supervision. (Respondent's Mot. to Dismiss, Exh. 1 and 2). As of the date of this recommendation, Petitioner has not filed a notice of address change.

Respondents are the U.S. Department of Homeland Security and the Texas Attorney General.

Petitioner's release on an order of supervision requires the court to examine whether it has jurisdiction over the instant action.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined. *Lane v. Williams,* 455 U.S. 624, 631 (1982). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Med. Ass'n v. Bowen,* 857 F.2d 267, 270 (5th Cir. 1988).

It appears that the only relief sought in the petition was release from custody pending removal. (Petition at 6). ICE released Petitioner on an order of supervision on July 22, 2008. (Respondent's Mot. to Dismiss, Exh. 1 and 2). Accordingly, Petitioner's only ground for relief is now moot and this court lacks jurisdiction to consider his petition.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction the same being moot.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondents.

Signed this 28th day of July, 2008.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.